Ralph B. Kalfayan, Esq. (SBN 133464)
ralph@rbk-law.com
Veneeta Jaswal, Esq. (SBN 320108)
veneeta@rbk-law.com
**THE KALFAYAN LAW FIRM, APC**
2262 Carmel Valley Road, Suite 200
Del Mar, CA 92014
Telephone: (619) 232-0331
Facsimile: (619) 232-4019

Roy A. Katriel, Esq. (SBN 265463)
rak@katriellaw.com
**THE KATRIEL LAW FIRM, P.C.**
2262 Carmel Valley Road, Suite 201
Del Mar, CA 92014
Telephone: (619) 363-3333

Attorneys for Plaintiff and the Putative Class

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. RUBIN, individually, and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>vs.<br><br>SCRIPPS HEALTH, a California corporation,<br><br>                    Defendants. | Case No.  **'21CV1231 BTM MSB**<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, DAVID J. RUBIN ("Plaintiff"), individually and on behalf of all others similarly situated, invokes the Court's jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. §1332(d), and complains against Defendant SCRIPPS HEALTH ("Defendant" or "Scripps") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action against Defendant for its failure to properly secure and safeguard the personal identifiable health and financial information ("PII") of Plaintiff and similarly situated Scripps members and patients (collectively "members") during the invasive and preventable ransomware attack on Scripps' network that occurred on or around April 29, 2021 (the "Breach").

2. Through the use of malware, unauthorized persons infiltrated Defendant's network servers which housed its members' sensitive PII that included names, addresses, dates of birth, health insurance information, medical record numbers, patient account numbers, clinical and treatment information, as well as social security numbers and drivers' license numbers.

3. Defendant routinely collects members' PII "to provide [Scripps members] with quality care and to comply with certain legal requirements."[1] Defendant expressly represented it "takes great care to ensure [members'] health information is kept private and secure,"[2] and understood doing so is a "requirement of State and Federal law…"[3]

4. Defendant breached its duty and agreement to safeguard and protect from unauthorized persons the PII of Plaintiff and all other Scripps members by failing to adequately and sufficiently prevent the Breach on its systems that compromised the personal sensitive information of all of its members.

---

[1] https://www.scripps.org/sparkle-assets/documents/100-8560-217sw-english.pdf (last visited June 28, 2021).
[2] https://www.scripps.org/patients-and-visitors/medical-records (last visited June 28, 2021).
[3] https://www.scrippshealthplanservices.com/sparkle-assets/documents/provider-operations-manual-effective-06-01-2019.pdf? (last visited June 28, 2021).

5. Plaintiff and the class members seek to hold Defendant accountable for its misconduct, which includes the (1) failure to warn Plaintiff and the class members of its inadequate security system and practices that created a real threat to Plaintiff's PII, (2) failure to implement effective and adequate protections of Plaintiff's PII, and (3) failure to timely detect and timely notify Plaintiff, its members and the public of the Breach.

6. As a direct result of Defendant's misconduct, Plaintiff suffered injury, including the now ever-present and immediate threat of identity theft, fraud and random demands. This imminent and concrete threat requires Plaintiff's constant surveillance, now and for years to come, to prevent and detect misuse of his PII.

## PARTIES

7. Plaintiff David J. Rubin is an individual who is and was, at all relevant times herein, an individual residing in the County of San Diego, State of California.

8. Plaintiff, at all relevant times, received medical care and services from Defendant, who maintained and had possession of Plaintiff's PII at the time of the Breach.

9. The PII of Plaintiff and the class members was compromised and exposed as a result of the Breach when an unauthorized person(s) gained access to Defendant's network on which Plaintiff's PII was stored.

10. As a result of the Breach, Plaintiff and the class members face an imminent and future threat of identity theft, fraud and random demands from the misuse of their personal and financial data that was accessed because of Defendant's failure to protect its network that housed such highly sensitive information. Plaintiff and the class members will require, *inter alia*, credit monitoring and other surveillance precautions to mitigate the risk of or detect any identity theft or fraud that may occur.

11. Defendant Scripps Health is a California corporation with its principal place of business located at 10140 Campus Point Drive, San Diego, California 92121.

12. Founded in 1924, Defendant is now a $2.9 billion private nonprofit and is one of the largest healthcare providers in San Diego County, proving services for 700,000

patients annually.[4]

13. As a general business practice and necessary to provide quality care and comply with legal requirements, Defendant collects and maintains sensitive PII of its members within its network servers.[5]

## JURISDICTION AND VENUE

14. This Court has diversity jurisdiction over this action pursuant the Class Action Fairness Act, 28 U.S.C. §1332(d) because this class action involves more than 100 class members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and upon information and belief, the class includes members who are citizens of states that are different from Defendant.  This is so because Defendant, while located in California, treats patients who are citizens of other states who come to Defendant's facilities for medical care and from whom Defendant has collected PII.

15. This Court has personal jurisdiction over Defendant because Defendant is headquartered in the State of California, routinely conducts business in California, has sufficient minimum contacts in California and has intentionally availed itself of this jurisdiction.

16. Venue is proper in this District because Defendant's headquarters are located in this District, Defendant conducts a substantial amount of its business in this District, and the events that give rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

17. On or around May 1, 2021, Defendant identified unusual network activity that impacted some of its systems.  Upon learning of this information, Defendant suspended its systems, including MyScripps portal, Scripps.com and EPIC, and utilized the help of computer and forensic firms to launch an investigation into the Breach.  The investigation revealed that an unauthorized person(s) accessed Defendant's network, deployed malware and on April 29, 2021, acquired copies of documents that Defendant housed on its network

---

[4] https://www.scripps.org/about-us/who-we-are (last visited June 28, 2021).
[5] https://www.scripps.org/sparkle-assets/documents/100-8560-217sw-english.pdf (last visited June 28, 2021).

systems.

18. It was not until days later, on May 10, 2021, that Defendant identified only a few documents involved in the Breach. Those documents contained patient personal and financial information, and in some instances, social security and drivers' license numbers.

19. It took Defendant nearly a month to get its MyScripps portal, Scripps.com and EPIC systems back up and running. During that month, patients were unable to access their medical information, schedule appointments or contact their physicians through Defendant's systems.

20. While Defendant's investigation is currently ongoing, on June 1, 2021, Defendant began mailing letters to the more than 147,000 patients whose PII Defendant could confirm was compromised as a result of the Breach. Of the over 147,000 patients, Defendant already has admitted that about 2.5 percent also had their social security and drivers' license numbers compromised by the unauthorized person(s) behind the Breach.

21. Also on June 1, 2021, Defendant issued, for the first time since learning of the Breach a month prior, a statement on its website. In the statement, Defendant confirmed it was "continuing to implement enhancements to our information security, systems, and monitoring capabilities" to "prevent something like this from happening again" [6]

22. Despite Defendant's "Update" statement, Plaintiff and the class members remain unaware of the full impact of the Breach, including what particular PII was compromised during the Breach and the specific steps Defendant is taking to prevent such a ransomware attack from reoccurring in the future.

23. Upon information and belief, unauthorized person(s) gained access to Plaintiff and class members' PII with the intent of engaging in the misuse of that PII, including exploitation on the dark web or use as a ransom for money.

24. Defendant acquired the PII of Plaintiff and class members as part of its normal course of business, stating it relies on and needs this information "to provide [its members]

---

[6]  https://www.scripps.org/cyber-incident (last visited, June 28, 2021).

with quality care and to comply with certain legal requirements."[7]

25. Defendant understood that "it is the expectation of [its] members" and "a requirement of State and Federal law" to "protect the privacy of health information." To this end, Defendant "ensure[s] the privacy of confidential medical records and related information for all patients"[8] and regards its "primary responsibility is to safeguard [its members'] personal health information."[9]

26. Defendant made clear it would "notify [its members] in the event [it] bec[a]me aware of an unauthorized access, use or disclosure of [members'] unsecured protected health information."[10]

## CLASS ACTION ALLEGATIONS

27. Plaintiff realleges and incorporates by reference all previous allegations as though set forth in full herein.

28. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2) and (b)(3) on behalf of himself and all others similarly situated defined as follows:

> A nationwide class of Scripps Health members and patients who received care at Scripps Health facilities and whose personal identifiable health and financial information was in the possession and control of Scripps Health at the time of the April 2021 ransomware attack that resulted in a breach of Scripps Health members' personal sensitive information.

29. Excluded from the putative class is Defendant Scripps Health, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, legal

---

[7] https://www.scripps.org/sparkle-assets/documents/100-8560-217sw-english.pdf (last visited June 28, 2021).
[8] https://www.scrippshealthplanservices.com/sparkle-assets/documents/provider-operations-manual-effective-06-01-2019.pdf? (last visited June 28, 2021).
[9] https://www.scripps.org/sparkle-assets/documents/100-8560-217sw-english.pdf (last visited June 28, 2021).
[10] *Id.*

representatives, successors, subsidiaries, and assigns. Also excluded is any judge, justice, and judicial officer presiding over this matter and members of their immediate families and judicial staff.

30. Plaintiff reserves the right to amend the above definition or to propose subclasses in subsequent pleadings and motions for class certification.

31. Class certification is proper because the question raised by this complaint is one of a common or general interest affecting numerous persons, such that it is impracticable to bring them all before the court.

32. The class is sufficiently numerous, as Scripps Health boasts treating 700,000 patients annually. The personal health and financial information of each patient is required to be disclosed to Scripps Health as a necessity to provide quality care.

33. Plaintiff's claims are typical of the claims of the absent class members. Like all absent class members, Plaintiff was injured as a result of and seeks redress for Defendant's misconduct. The same event and Defendant's misconduct gave rise to Plaintiff's claims as well as to the claims of each of the class members. Plaintiff and each class member had their personal health and financial information compromised in the same way by Defendant's misconduct.

34. Plaintiff and his counsel are adequate representatives of the interests of the putative class. Plaintiff is and was at the time of the ransomware attack a member of Scripps Health whose personal health and financial information was maintained on Defendant's system servers.

35. Plaintiff has retained counsel highly experienced in class action litigation to litigate and represent the interests of the class fairly and adequately.

36. Plaintiff's complaint raises questions of fact and law common to the class that predominate over questions affecting only individual class members. Among these predominating questions are:

    a.    Whether Defendant failed to adequately safeguard the PII of Plaintiff and class members;

b. Whether Defendant's security networks and protocols in place at the time of the Breach violated Health Insurance Portability and Accountability Act ("HIPAA"), Federal Trade Commission Act ("FTC Act"), Consumer Records Act, Consumer Records Act, and Confidentiality of Medical Information Act ("CMIA");

c. Whether Defendant engaged in misconduct;

d. Whether Defendant breached contractual terms and duties to Plaintiff and class members;

e. Whether Defendant owed a duty to Plaintiff and the class members to adequately safeguard their PII;

f. Whether Defendant knew or should have known its network systems and security protocols were vulnerable to a data breach;

g. Whether Defendant's conduct was the proximate cause of the Breach;

h. Whether Defendant failed to adequately and timely detect and respond to the Breach;

i. Whether Defendant failed to timely notify those whose information was compromised as a result of the Breach;

j. Whether Defendant continues to breach its duties to safeguard the PII of Plaintiff and the class members;

k. Whether Plaintiff and the class members suffered damages as a result of the Breach.

37. Class certification also is proper for the independent reason that, in failing to properly secure the PII of all Class members and in failing to adequately notify Class members about the scope of the breach or the steps taken to prevent its reoccurrence, Defendant has acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

# CAUSES OF ACTION

## COUNT I – BREACH OF CONTRACT

38. Plaintiff realleges and incorporates by reference all previous allegations as though set forth in full herein.

39. By the act of providing PII to Defendant, a contract between Plaintiff and the absent class members on the one hand and, Defendant on the other, was created. Defendant, by obtaining such PII, promised to safeguard that information from unauthorized access and disclosure. Thus, in addition to any additional agreements that may exist between Defendant and Plaintiff and the class members, an implied-in-fact contract independently exists between the parties as a matter of California law.

40. By failing to adequately prevent the Breach and to safeguard the PII of Plaintiff and the absent class members from unauthorized access and disclosure, Defendant failed to provide the services that Plaintiff bargained in entering a contractual relationship with Defendant.

41. The protection and adequate safeguarding of Plaintiff and the class members' PII was and remains a material term of the bargain and contractual relationship between patients and Defendant.

42. Defendant's failure to adequately safeguard Plaintiff's PII from unauthorized access and disclosure amounts to a material breach of the contract.

43. Plaintiff and the class members were and continue to be harmed as a direct, foreseeable and proximate result of Defendant's breach because Plaintiff and the class members face, now and in the future, an imminent threat of identity theft, fraud and for ransom demands. They must now spend time, effort and money to constantly monitor their accounts and credit to surveille for any fraudulent activity.

44. Plaintiff and the class members are entitled to an award of actual and punitive damages in an amount to be determined at trial as redress for Defendant's breach. Plaintiff prays for the establishment of a Court-ordered and supervised common fund from which the claims of affected class members may be paid and the attorneys' fees and costs of suit

expended by class counsel, as approved by the Court, may be awarded and reimbursed.

## COUNT II – NEGLIGENCE

45. Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1-37 as though set forth in full herein.

46. Defendant solicited, obtained, and stored the PII of Plaintiff and absent class members as a part of its business operation. Upon doing so, Defendant owed Plaintiff and the absent class members a duty to act with and exercise reasonable care to protect from unauthorized access and disclosure the PII of Plaintiff and the class members that it stored on its network servers.

47. State and federal laws, including Health Insurance Portability and Accountability Act ("HIPAA"), Federal Trade Commission Act ("FTC Act"), Consumer Records Act, Consumer Records Act, and Confidentiality of Medical Information Act ("CMIA"), further imposed on Defendant duties to reasonably safeguard the PII of Plaintiff and the absent class members, as well as to promptly notify them if their PII had been compromised as a result of unauthorized access.

48. Defendant certainly knew or should have known the sensitive and private nature of the PII it stored on its network servers, the severe harm that Plaintiff and the absent class members would suffer if the PII was subject to unauthorized access and disclosure, the necessity to implement sufficient and adequate security to protect that information, and the vulnerabilities of its security systems.

49. Defendant knew or should have also known its security protocols were inadequate to safeguard the PII of Plaintiff and absent class members.

50. Plaintiff and the absent class members were the foreseeable victim of any unauthorized access to the PII stored on Defendant's network systems due to Defendant's inadequate security protocols.

51. Defendant breached the duties it owed to Plaintiff and absent class members by:

    a.    failing to exercise reasonable care in providing sufficient and adequate

protection of PII it maintained on its network systems;

b. failing to exercise reasonable care in monitoring potential threats to PII stored on its network systems;

c. failing to exercise reasonable care in adequately detecting and preventing the Breach;

d. failing to timely notify Plaintiff and the class members that their PII was potentially compromised.

52. Provided the foreseeable risk of harm to Plaintiff and absent class members, Defendant's willful failure to observe the duties it owed was wrong, reckless and grossly negligent.

53. Plaintiff and the class members were and continue to be harmed as a direct, foreseeable and proximate result of Defendant's misconduct because Plaintiff and the class members face, now and in the future, an imminent threat of identity theft, fraud and for ransom demands. They must now spend time, effort and money to constantly monitor their accounts and credit to surveille for any fraudulent activity

54. HIPAA's Privacy Rule and Security Rule establish national standards for protecting electronically stored PII maintained by health care providers such as Defendant. (45 C.F.R. Part 160 and Part 164 subparts A and E ("The Privacy Rule"); 45 C.F.R. Part 160 and Part 164 subparts A and C ("The Security Rule")). Those standards include performing accurate and thorough assessments of potential risks, implementing measures to address known risks, protecting against unauthorized access to PII stored electronically, and notifying patients regarding any data breach within a specific time period. (*Id.*, see also, 45 C.F.R. §§164.400-414).

55. Defendant is also prohibited from engaging in "unfair or deceptive acts or practices in or affecting commerce" under the FTC Act which includes the failure to maintain reasonable and adequate data security for consumers' PII. (15 U.S.C. §45; *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

56. Additionally, under the California Consumer Records Act, Defendant was

required to "implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information from unauthorized access, destruction, use, modification, or disclosure." (Cal. Civ. Code §1798.81.5).

57. Defendant violated these statutes when it engaged in misconduct alleged herein that directly and proximately resulted in Plaintiff and the class members' injuries, constituting negligence *per se.* (Cal. Evid. Code §669).

58. Plaintiff and absent class members are those that HIPAA, FTC Act, California Consumer Records Act, and CMIA intended to protect.

59. The harm that directly and proximately suffered by Plaintiff and the class due to the Breach is the type HIPAA, FTC Act, California Consumer Records Act, and CMIA intended to protect against.

60. Plaintiff and the class members are entitled to an award of actual and punitive damages in an amount to be determined at trial as redress for Defendant's breach.

## COUNT III – INVASION OF PRIVACY

61. Plaintiff realleges and incorporates by reference the allegations in Paragraph 1-37 as though set forth in full herein.

62. California recognizes the tort of Invasion of Privacy, which includes the wrongful disclosure of private information. (*Shulman v. Group W Productions, Inc.* (1998) 18 Cal.4th 200).

63. Plaintiff and absent class members had a reasonable expectation of privacy regarding all personal and financial PII disclosed to Defendant and the reasonable expectation of protection over such sensitive information, including protection from wrongful disclosure to unauthorized persons.

64. Defendant knew or should have known that a reasonable person would find disclosure of their sensitive and private PII to unauthorized persons, especially as a result of a ransomware attack, to be highly offensive and seriously hurt by such unlawful disclosure.

65. Defendant owed a duty to Plaintiff and the class members to keep their PII adequately protected and confidential.

66. The Breach resulted in the wrongful disclosure of information that was private and not a matter of public concern. The information was solely disclosed to Defendant as required for services rendered by Defendant.

67. Defendant knew or should have known its security protocols were inadequate to protect patients' PII housed on its network servers and therefore had notice that such protocols would result in harm to Plaintiff and absent class members.

68. Plaintiff and the class members were and continue to be harmed as a direct, foreseeable and proximate result of Defendant's breach because Plaintiff and the class members face, now and in the future, an imminent threat of identity theft, fraud and for ransom demands. They must now spend time, effort and money to constantly monitor their accounts and credit to surveille for any fraudulent activity.

69. Plaintiff requests an injunction against Defendant to prevent Defendant's continued misconduct. Without such injunctive relief, Plaintiff and the class members will continue to suffer irreparable injury until Defendant takes measures to adequately safeguard PII stored on its network systems.

**COUNT IV – VIOLATIONS OF CALIFORNIA
UNFAIR COMPETITION LAW
(Cal. Bus. & Prof. Code §17200, et seq.)**

70. Plaintiff realleges and incorporates by reference all allegations in Paragraphs 1-37 as though set forth in full herein.

71. Defendant violated California's Unfair Competition Law by engaging in unlawful, unfair or deceptive business practices, as well as unfair, deceptive, untrue or misleading advertising that amount to unfair competition, including, but not limited to, the following:

    a. Violating federal and state laws, including HIPAA, FTC Act, California Consumer Records Act, and CMIA;

   b. Representing, promising and advertising it would safeguard with adequate precautions, security and monitoring the PII of Plaintiff and the class member from any unlawful disclosure to unauthorized persons;

   c. Representing its data security protocols complied with all standards imposed by applicable state and federal law;

   d. Failing to disclose, omitting or concealing its security protocols were inadequate to protect the PII of Plaintiff and class members; and,

   e. Soliciting, obtaining, and storing the PII of Plaintiff and absent class members despite having knowledge of its inadequate security protocols and the risk of harm resulting therefrom.

72. Had Defendant disclosed the true reality of its inadequate security protocols regarding its storage of patient data, Plaintiff and class members would not have disclosed and trusted their sensitive, private, confidential PII to Defendant.

73. Plaintiff and the class members were and continue to be harmed as a direct, foreseeable and proximate result of Defendant's breach because Plaintiff and the class members face, now and in the future, an imminent threat of identity theft, fraud and for ransom demands. They must now spend time, effort and money to constantly monitor their accounts and credit to surveille for any fraudulent activity.

## COUNT V – BREACH OF CONFIDENCE

74. Plaintiff realleges and incorporates by reference all allegations of Paragraphs 1-37 as though set forth in full herein.

75. At all relevant times herein, Defendant knew the private and confidential nature of the PII it had in its possession, custody and control.

76. As detailed and alleged above, Defendant promised while Plaintiff and the class expected the PII of Plaintiff and absent class members to be stored in confidence, inaccessible to unauthorized persons and protected from unauthorized disclosure.

77. Plaintiff and absent class members provided PII to Defendant with the

understanding that Defendant would take adequate precautions and implement sufficient protocols to protect such PII and not allow unauthorized access or disclosure.

78. Defendant's failure to adequately protect, detect, prevent, and address the Breach resulted in unauthorized access by third parties and disclosures.

79. Plaintiff and the class members have all been and continue to be harmed as a direct, foreseeable and proximate result of Defendant's breach because Plaintiff and the class members face, now and in the future, an imminent threat of identity theft, fraud and for ransom demands. They must now spend time, effort and money to constantly monitor their accounts and credit to surveille for any fraudulent activity.

80. The harm Plaintiff and absent class members suffered was foreseeable as a result of Defendant's unauthorized misuse of their information.

### COUNT VI – VIOLATION OF CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT
### (Cal. Civ. Code §56, et seq.)

81. Plaintiff realleges and incorporates by reference all allegations of Paragraphs 1-37 as though set forth in full herein.

82. Under California Civil Code section 56.06, Defendant is deemed a "provider of healthcare and is therefore subject to CMIA, California Civil Code sections 56.10(a), (d) (e), 56.36(b), 56.101(a) and (b).

83. Under CMIA, California Civil Code section 56.05(k), Plaintiff and the class members are deemed "patients."

84. As defined in CMIA, California Civil Code section 56.05(j), Defendant disclosed "medical information" to unauthorized persons without obtaining consent, in violation of section 56.10(a). Defendant's misconduct, including failure to adequately detect, protect, and prevent unauthorized disclosure, directly resulted in the unauthorized disclosure of Plaintiff and class members' PII to unauthorized persons.

85. Defendant's misconduct, including protecting and preserving the confidential integrity of its members' PII, resulted in unauthorized disclosure of sensitive and

confidential PII that belongs to Plaintiff and the class members to unauthorized persons, breaching the confidentiality of that information, thereby violating California Civil Code sections 56.06 and 56.101(a).

86. Plaintiff and the class members have all been and continue to be harmed as a direct, foreseeable and proximate result of Defendant's breach because Plaintiff and the class members face, now and in the future, an imminent threat of identity theft, fraud and for ransom demands. They must now spend time, effort and money to constantly monitor their accounts and credit to surveille for any fraudulent activity.

87. Plaintiff and the Class were injured and have suffered damages, as described above, from Defendant's illegal disclosure and negligent release of their medical information in violation of Cal. Civ. Code §§ 56.10 and 56.101, and therefore seek relief under Civ. Code §§ 56.35 and 56.36, including actual damages, nominal statutory damages of $1,000, punitive damages of $3,000, injunctive relief, and attorney fees, expenses, and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the Class pray for judgment against Defendant as follows:

1. For an order certifying this action as a class action as defined herein, appointing Plaintiff and her counsel as class representatives, and directing notice be disseminated to the absent class members;

2. For judgment in favor of Plaintiff and the class members and against Defendant Scripps on all counts and claims for relief;

3. For damages and/or restitution awarded to the class against Defendant Scripps in an amount to be determined at trial;

4. For the establishment of a Court-ordered and supervised common fund to be funded by Defendant Scripps and from which claims for all eligible class members will be paid; attorneys' fees awarded to Class counsel will be paid; costs of suit approved by the Court and incurred by Class counsel will be reimbursed; and, any award of interest will be disbursed;

5. For interest as permitted by law;
6. For an award of attorneys' fees;
7. For costs of suit;
8. For declaratory relief to have the Court declare obligations of the parties;
9. For injunctive relief to enjoin Defendant's ongoing conduct; and,
10. For such other and future relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts and claims so triable.

Dated: July 7, 2021                              Respectfully submitted,


                                                  /s/ Roy A. Katriel
                                                 ─────────────────────────
                                                 Roy A. Katriel, Esq.

                                                 *Counsel for Plaintiff David J. Rubin
                                                 and the Putative Class*